UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED NATIONAL INSURANCE
COMPANY,

          Plaintiff,

    -against-                    **MEMORANDUM AND ORDER**
                                    Case No. 08-CV-5255 (FB) (SMG)
SCOTTSDALE INSURANCE COMPANY,

          Defendants.
------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
MICHAEL ANTHONY MIRANDA, ESQ.
STEVEN VERVENIOTIS, ESQ.
ANNE K. ZANGOS, ESQ.
Miranda Sambursky Slone Sklarin
Verveniotis, LLP
240 Mineola Boulevard
Mineola, NY 11501

*For the Defendant:*
STEPHEN D. STRAUS, ESQ.
Traub Lieberman Straus & Shrewsberry
LLP
7 Skyline Drive
Hawthorne, NY 10532

**BLOCK, Senior District Judge:**

        In this diversity action, United National Insurance Company ("United National") seeks a declaration that Scottsdale Insurance Company ("Scottsdale") is obligated to defend and indemnify two non-parties -- 164 Atlantic Avenue, LLC ("164 Atlantic"), and Two Trees Management Co. ("Two Trees") -- in a personal-injury action pending in state court. Both parties more for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Scottsdale's motion is granted and United National's is denied.

I

        As noted, this lawsuit has its roots in another. In 2007, Renato Ortiz sued 164

Atlantic and Two Trees -- the owner and manager, respectively, of property in the Cobble Hill neighborhood of Brooklyn -- in New York Supreme Court. Ortiz alleged that he suffered injuries while working on the property. United National is providing defense and indemnification for Ortiz's claims against 164 Atlantic and Two Trees.

Ortiz did not sue his employer, Dino's Sheetrock Corporation ("Dino's"). 164 Atlantic and Two Trees, however, filed a third-party complaint for indemnification against Dino's based on an alleged contract in which Dino's agreed to defend and indemnify 164 Atlantic and Two Trees for any claims arising out of Dino's performance of work at the property. Scottsdale is providing defense and indemnification to Dino's for that aspect of the state-court litigation.

In this Court, United National claims that 164 Atlantic and Two Trees are entitled to defense and indemnification under Scottsdale's policy with Dino's for both Ortiz's claims and, curiously, for the claims 164 Atlantic and Two Trees are *asserting* in the third-party action. The parties' motions for summary judgment frame the follow issues:

- Is United National entitled to claim coverage on behalf of 164 Atlantic and Two Trees?

- Are 164 Atlantic and Two Trees entitled to coverage under Scottsdale's policy with Dino's?

- Is Scottsdale estopped from disclaiming coverage?

These questions are answered in turn.

## II

In a typical coverage action, the plaintiff is (or claims to be) an insured under

Atlantic and Two Trees -- the owner and manager, respectively, of property in the Cobble Hill neighborhood of Brooklyn -- in New York Supreme Court. Ortiz alleged that he suffered injuries while working on the property. United National is providing defense and indemnification for Ortiz's claims against 164 Atlantic and Two Trees.

Ortiz did not sue his employer, Dino's Sheetrock Corporation ("Dino's"). 164 Atlantic and Two Trees, however, filed a third-party complaint for indemnification against Dino's based on an alleged contract in which Dino's agreed to defend and indemnify 164 Atlantic and Two Trees for any claims arising out of Dino's performance of work at the property. Scottsdale is providing defense and indemnification to Dino's for that aspect of the state-court litigation.

In this Court, United National claims that 164 Atlantic and Two Trees are entitled to defense and indemnification under Scottsdale's policy with Dino's for both Ortiz's claims and, curiously, for the claims 164 Atlantic and Two Trees are *asserting* in the third-party action. The parties' motions for summary judgment frame the follow issues:

- Is United National entitled to claim coverage on behalf of 164 Atlantic and Two Trees?

- Are 164 Atlantic and Two Trees entitled to coverage under Scottsdale's policy with Dino's?

- Is Scottsdale estopped from disclaiming coverage?

These questions are answered in turn.

## II

In a typical coverage action, the plaintiff is (or claims to be) an insured under

a policy issued by the defendant. *See, e.g., Kassis v. Ohio Cas. Ins. Co.*, 12 N.Y.3d 595, 598 n.1 (2009) ("[A] person claiming to be an insured under an insurance policy may bring a declaratory judgment against an insurer when an actual controversy develops concerning the extent of coverage, the duty to defend, or other issues arising from the insurance contract." (citation and internal quotation marks omitted)).[1] But United National is patently not an insured under Scottsdale's policy with Dino's, and makes no claim to the contrary. To the Court's knowledge, no case holds that an insurer is entitled to claim coverage from another insurer on behalf of its own insureds.

Even if 164 Atlantic and Two Trees had sued Scottsdale on their own behalf, they could not seek coverage under its policy with Dino's. At an informal premotion conference, United National's counsel asserted that 164 Atlantic and Two Trees were additional insureds under the policy, a status that would, indeed, give them the right to claim coverage. *See id.* at 601 (holding that landlord was additional insured under tenant's liability policy). But United National has now abandoned that claim, apparently because the evidence adduced during discovery did not support it. In so doing, United National abandoned any right to adjudicate rights and responsibilities under the policy. *See State v. American Mfrs. Mut. Ins. Co.*, 593 N.Y.S.2d 885, 887 (3d Dep't 1993) ("[W]here the insurance contract does not name, describe, or otherwise refer to the entity or individual seeking the benefit thereof as an insured, there is no obligation to defend or indemnify.").

---

[1] All agree that New York law governs.

3

It is true that strangers to a liability insurance policy may become third-party beneficiaries of the policy. That happens, however, only when the third party recovers a judgment from an insured that the insurer is obligated to satisfy. *See Jefferson v. Sinclair Refining Co.*, 10 N.Y.2d 422, 427 (1961) ("While [plaintiff] may later recover by virtue of the insurance policy, it may not do so now."). Neither 164 Atlantic and Two Trees's liability to Ortiz nor Dino's liability to 164 Atlantic and Two Trees has been settled; therefore, 164 Atlantic and Two Trees are not third-party beneficiaries of Scottsdale's policy with Dino's.

## III

United National claims that 164 Atlantic and Two Trees are entitled to coverage under two provisions of Scottsdale's policy with Dino's: the "insured contract" provision and the "supplemental payments" provision. Even if 164 Atlantic and Two Trees could assert claims under the policy, they would not be entitled to coverage under either provision.

### A. "Insured Contract" Provision

Under its policy with Dino's, Scottsdale has promised to "pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage," and to "defend the insured against any suit seeking those damages." Decl. of Michael Miranda, Ex.A. (Commercial General Liability Coverage Form, § I, Coverage A, ¶ 1(a)). The policy generally excludes contractual liability, but does cover liability arising out of an "insured contract," which is defined to include

> [t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of

4

> another party to pay for bodily injury or property damage to
> a third person or organization, provided the bodily injury or
> property damage is caused, in whole or in part, by you or
> those acting on your behalf.

*Id.* (Amendment of Insured Contract Definition, § 9(f)). For "insured contract" coverage, the definition of damages -- usually limited to "bodily injury" and "property damage" -- is expanded to include "reasonable attorney fees and necessary litigation expenses incurred by or for a party other than the insured." *Id.* (Commercial General Liability Coverage Form, § I, Coverage A, ¶ 2(b)(2)).

Scottsdale disputes the existence of a valid indemnity agreement between Dino's and 164 Atlantic and Two Trees because the only copy of the agreement in the record is undated. It is clear, however, that if the agreement is valid, it qualifies as an insured contract.

The question then becomes what obligations the insured contract provision imposes on Scottsdale. The plain language of the provision, read in conjunction with the underlying insuring agreement, is that Scottsdale must defend Dino's in connection with 164 Atlantic and Two Trees's third-party complaint. That is precisely what Scottsdale is doing.

Scottsdale must also pay damages on the third-party complaint -- including the fees and costs 164 Atlantic and Two Trees incur defending the underlying tort action -- *if and when Dino's becomes legally obligated to pay them.* Since Dino's liability remains contingent on (1) Ortiz prevailing on his tort claims against 164 Atlantic and Two Trees and (2) 164 Atlantic and Two Trees prevailing on their third-party complaint against Dino's,

there is, as yet, no duty to indemnify. Nor is there any suggestion that Scottsdale does not intend to provide indemnification should it become due.

The insured contract provision does not, by contrast, obligate Scottsdale to defend 164 Atlantic and Two Trees in the underlying tort action. Nor does it require Scottsdale to pay them anything until Dino's liability to them is settled. The longstanding law of New York reaffirms this interpretation:

> All Insurance Co. agreed to do ... was to pay on behalf of the insured all sums which the insured, by reason of the liability assumed by him under the written contract, shall become legally obligated to pay. Lipsett, the only insured, has not yet become legally obligated to pay anything. Until such event, any claim of [a third party] against Insurance Co. is premature.
>
> As to the defense provision of the policy, Insurance Co. is obligated only to defend any suit against the insured, namely Lipsett, and that it is now doing.

*Jefferson v. Sinclair Refining Co.*, 10 N.Y.2d 422, 427 (1961) (internal quotation marks and alterations omitted). As in *Jefferson*, Scottsdale has not yet become obligated to indemnify anyone and is currently providing a defense to its insured, Dino's.

United National argues that New York courts have "uniformly recognized that 'insured contract' coverage provides owners . . . and general contractors with insurance coverage, even if they are not named as additional insureds." Pl.'s Mem. of Law at 5. The cases it cites, however, do not support that proposition. In most, a named or additional insured was the plaintiff. In *Queens Office Tower Associates v. General Mills Restaurant, Inc.*, 702 N.Y.S.2d 301 (1st Dep't 2000), the insurer promised to defend the beneficiary of an indemnity agreement "to the same extent and on the same terms that we

6

would defend if the [beneficiary] were the insured under the policy," *id.* at 302; Scottsdale's policy contains no such language. The only case espousing the position that the beneficiary of an indemnity agreement is entitled to directly enforce an insured contract provision was recently reversed by the Second Department. *See York Restoration Corp. v. Solty's Constr., Inc.*, 2009 WL 224691 (N.Y. Sup. Ct., Kings County Feb. 2, 2009), *rev'd*, 914 N.Y.S.2d 178, 180 (2d Dep't 2010).

## B. "Supplemental Payments" Provision

As a second basis for coverage, United National invokes the "supplemental payments" provision of the policy. Under that provision, Scottsdale agrees to provide a defense to an indemnitee of its insured if certain conditions are met.[2] One overarching condition is set forth in the provision's preamble:

> If we defend an insured against a suit and an indemnitee of the insured also named as a party to the suit, we will defend that indemnitee.

Miranda Decl., Ex A (Commercial General Liability Coverage Form, § I, Supplemental Payments, ¶ 2).

United National takes it for granted that this condition is satisfied because 164 Atlantic, Two Trees and Dino's are all parties to the same state-court lawsuit. While this is technically true, it does not provide a sound basis for coverage. As a matter of common sense, the provision contemplates the situation in which a tort plaintiff names

---

[2]This provision does not create a duty to indemnify, and United National does not contend otherwise.

both an insured and an indemnitee of the insured as defendants. It is easy to see why the commonality of interests of an insured and its indemnitee sued by the same plaintiff for the same wrong would motivate an insurer to agree to provide a defense for both. By way of confirmation, the provision specifically excepts cases in which a "conflict appears to exist between the interests of the insured and the interests of the indemnitee." *Id.* ¶ 2(d).

Here, however, Dino's -- the insured -- was not named as a defendant in the underlying tort suit; rather, it was named as a third-party defendant by 164 Atlantic and Two Trees. There is no commonality of interest in such a situation, and the tort and third-party claims might just as well have been brought as separate suits.[3]

The absurdity of United National's interpretation of the provision becomes evident when one recalls that it is seeking, *inter alia*, a declaration that Scottsdale must "defend" 164 Atlantic and Two Trees in its third-party action *against* Scottsdale's own insured (for whom it is also providing a defense). It beggars reason to suggest that an insurer would -- or even could -- agree to do such a thing. Simply put, Scottsdale is not, in any reasonable sense, defending Dino's in the same "suit" in which 164 Atlantic and Two Trees are defendants.

## IV

Finally, United National contends that Scottsdale is estopped from disclaiming coverage because it did not comply with New York Insurance Law § 3420(d),

---

[3]Indeed, the tort complaint and third-party complaint were assigned different index numbers.

which requires an insurer to "give written notice as soon as is reasonably possible of [an intended] disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." *See Allstate Ins. Co. v. Cruz*, 817 N.Y.S.2d 129, 131 (2d Dep't 2006) (failure to comply with § 3420(d) "precludes effective disclaimer or denial" (quoting *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 1029 (1979)). Scottsdale does not argue that it complied, but rather that it was not required to do so.

"[A]n insurance company is not subject to the timely disclaimer provisions contained in Insurance Law § 3420(d) where no coverage existed under the policy." *In re State Farm Mut. Auto. Ins. Co. (Merrill)*, 596 N.Y.S.2d 554, 555 (3d Dep't 1993). In that regard, New York law draws a distinction between denials based on policy exclusions and denials based on a lack of coverage in the first instance:

> In the former situation, the policy covers the claim but for the applicability of the exclusion and, therefore, a notice of disclaimer is required. In the latter, the claim is not within the ambit of the policy and, therefore, mandating coverage on the basis of an insurer's failure to serve a timely notice of disclaimer would be to create coverage where none previously existed.

*Greater N.Y. Mut. Ins. Co. v. Clark*, 613 N.Y.S.2d 295, 297 (3d Dep't 1994).

The Second Department recently held that "when a claim is denied because the claimant is not an insured under the policy, there is no statutory obligation to provide prompt notice of the disclaimer." *York Restoration Corp. v. Solty's Constr., Inc.*, 914 N.Y.S.2d 178, 180 (2d Dep't 2010). Since that is precisely Scottsdale's position here, its noncompliance with § 3420(d) is of no consequence.

## V

Scottsdale's motion for summary judgment is granted and United National's is denied. Accordingly, the complaint is dismissed.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 4, 2011